IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | |
| | Case No.: 23-12103 |
| **Miguel Andres Torres** | Chapter 13 |
| | Judge Patricia M. Mayer |
| Debtor(s) | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |
| | |
| **Capital One, N.A.** | Date and Time of Hearing |
| Movant, | February 10, 2026 at 10:00 a.m. |
| vs | |
| | Place of Hearing |
| **Miguel Andres Torres** | 201 Penn Street, 4th Floor |
| **Scott F. Waterman** | Reading, PA 19601 |
| Respondents. | |
| | Related Document # 101 |

## STIPULATION FOR SETTLEMENT OF CREDITOR CAPITAL ONE, N.A. MOTION FOR RELIEF FROM AUTOMATIC STAY FOR PROPERTY LOCATED AT 2515 S CHURCH ST, ALLENTOWN, PA 18103 (DOCKET # 101)

This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #101) which was filed in this court by Capital One, N.A. ("Movant"), Movant and Miguel Andres Torres by and through counsel ("Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant resulting in the filing of a Motion for Relief from Stay. Since the filing of the Motion Debtor has brought the loan current and due for the January 6, 2026 payment, incurring a total post-petition arrearage of $1,987.42, which consists of 1 post-petition payment for January 6, 2026 at $438.42, and attorney fees and costs of $1,549.00. There is $246.12 in suspense, which reduces the total post-petition arrearage to $1,741.30.

3. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the February 6, 2026 post-petition payment.

4. Debtor shall file a modified Chapter 13 Plan wherein the post-petition arrearage for the month of January 2026 is included in the Plan. Debtor shall file the Motion to Modify Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

5. Movant is permitted to file a Supplemental Proof of Claim in the amount of $1,741.30 representing the total post-petition delinquency. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

6. Payments shall be sent to:

   Capital One, N.A.
   Attention Bankruptcy: 1 Corporate Drive
   Suite 360
   Lake Zurich, Illinois 60047-8945

7. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

8. The following are events of default under this Stipulation:

   a. Debtor's failure to file a Modified Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

   b. Debtor's failure to remit any future monthly mortgage payment on or before the date on which it is due;

9. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

10. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

11. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates their case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

12. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MDK LEGAL

Dated: 01/28/2026                                BY: /s/ Adam B. Hall
                                                      Adam B. Hall (323867)

                                                MDK Legal
                                                P.O. Box 165028
                                                Columbus, OH  43216-5028
                                                614-220-5611; Fax 614-627-8181
                                                Email: ABHall@mdklegal.com
                                                Attorney for Creditor

Dated:  1/27/26

BY: /s/Charles Laputka (via email consent)
CHARLES LAPUTKA
1344 W. Hamilton St.
Allentown, PA 18102
Email: claputka@laputkalaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

*(signature)*

Scott F. Waterman
2901 St. Lawrence Ave.
Suite 100
Reading, PA  19606